**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NERIUM INTERNATIONAL, LLC N/K/A NEORA, LLC AND JEFFREY OLSON, | ) ) ) ) | Case No. 1:19-cv-7189 |
| Plaintiffs, | ) ) | Judge Sara J. Ellis |
| v. | ) ) ) | |
| FEDERAL TRADE COMMISSION, | ) ) | |
| Defendant. | ) ) | |

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM

Defendant Federal Trade Commission moves this Court to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. As set forth in the accompanying Memorandum of Law, the complaint should be dismissed for the following reasons:

1.      Plaintiffs filed this suit as an attempt to preempt the FTC's enforcement lawsuit, but there is no subject matter jurisdiction or, alternatively, plaintiffs fail to state a claim. The only possible source of a cause of action for plaintiffs against the FTC is the Administrative Procedure Act, but they fail both of the APA's requirements for judicial review: (1) there is no final agency action to challenge, since all the FTC has done is *initiate* enforcement proceedings; and (2) plaintiffs have an adequate remedy elsewhere, since they can defend against the FTC's enforcement suit in the District of New Jersey. The Supreme Court's decision in *FTC v. Standard Oil*, 449 U.S. 232 (1980), and the Seventh Circuit's decisions in *General Finance v. FTC*, 700 F.2d 366 (7th Cir. 1983), and *Buntrock v. SEC*, 347 F.3d 995 (7th Cir. 2003),

dismissed similar unlawful attempts to turn "prosecutor into defendant," and this Court should do the same here.

      2.    The case also should be dismissed because plaintiffs' claims are not ripe for judicial consideration. They ask this Court to declare that Nerium "is not" and "has not been a pyramid scheme," Compl. ¶ 101 (3)-(4), which are factbound questions unfit for review in a separate declaratory suit. Moreover, plaintiffs cannot identify any hardship that would result from litigating their positions in the New Jersey enforcement case rather than here.

      3.    Alternatively, this Court should decline to exercise its discretionary jurisdiction to hear declaratory judgment cases. Declaratory relief will not settle the parties' entire dispute, since the enforcement case alleges additional misconduct beyond what plaintiffs allege here, including false advertising and further deceptive practices. Allowing this case to proceed would only confuse matters and result in unnecessary, duplicative litigation. Moreover, plaintiffs admit that they filed this case specifically to avoid litigating in the FTC's chosen venue. The case thus is a prime example of the "procedural fencing" that abuses the Declaratory Judgment Act and should be dismissed.

December 23, 2019

/s/ Mariel Goetz
Mariel Goetz
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2763
mgoetz@ftc.gov

## ATTORNEY DECLARATION

I, Mariel Goetz, state as follows:

1.        I am an attorney representing the Federal Trade Commission in this matter. I am over the age of twenty-one and am competent to testify as to the statements in this affidavit. I have personal knowledge of these facts. My business address is 600 Pennsylvania Ave. NW, Washington, DC 20580. I submit this affidavit in support of Defendant FTC's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Failure to State a Claim.

2.        On October 29, 2019, David O'Toole, an attorney in the FTC's Midwest Regional Office, informed counsel for plaintiffs by email that the Commission had authorized staff to file a complaint against plaintiffs, alleging violations of Sections 5 and 12 of the Federal Trade Commission Act. The complaint, which was attached to his email, indicated that the case would be filed in the District of New Jersey, where two additional co-defendants were based. Attorney O'Toole stated that, as a courtesy to plaintiffs, the FTC was prepared to delay filing the complaint for a week to give the plaintiffs an opportunity to settle.

3.        On November 1, 2019, counsel for plaintiffs Ed Burbach emailed counsel for the FTC, informing him that plaintiffs were filing a lawsuit against the FTC. This case in the Northern District of Illinois was filed that morning.

4.        The FTC filed its enforcement lawsuit against plaintiffs hours later that same day, in the District of New Jersey as previously planned.

5.        On Friday, December 20, 2019 at 11:46am CDT, I emailed six attorneys listed as counsel for plaintiffs Nerium and Jeffrey Olson in this matter, informing them that the FTC planned to file a motion to dismiss the case for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. The attorneys I emailed were Frank Pasquesi, Jena Levin, Ed Burbach, Rob Johnson, Jay Varon, and Chris Kise. In that email, I requested a call with

plaintiffs' counsel so that we could meet and confer about this matter, as required by Judge

Ellis's rules for motions. Attorney Frank Pasquesi responded that afternoon at 2:00pm CDT,

advising that they were available to meet and confer by phone on Monday afternoon, December

23, 2019.

6.      On Monday, December 23, 2019 at 2:30pm, I had a phone call with Attorney

Pasquesi, Attorney Levin, and another attorney for plaintiffs about the FTC's motion to dismiss.

During that call, we discussed the grounds for the FTC's motion. Specifically, I informed

counsel that this case was an improper attempt to preempt the FTC's enforcement lawsuit in the

District of New Jersey; that this Court could not hear the case because plaintiffs failed to meet

the requirements for judicial review set forth in the Administrative Procedure Act, including

because they did not challenge any final FTC action and because they had an adequate remedy in

New Jersey; and that the case alternatively should be dismissed as unripe and/or unsuitable, in

the Court's discretion, for the exercise of declaratory judgment jurisdiction. I informed counsel

that Supreme Court and Seventh Circuit precedent require dismissal. I also emphasized to

counsel that plaintiffs could make the exact same claims and arguments in defending the FTC's

enforcement lawsuit in New Jersey.

7.      Despite this discussion, we were unable to come to an accord that would obviate

the need for the FTC to file its motion to dismiss.

I declare under penalty of perjury that the foregoing statement is true and correct.


Executed on December 23, 2019                    /s/ Mariel Goetz
                                                 Attorney, Federal Trade Commission

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 23, 2019, I caused a copy of the foregoing to be electronically served on counsel of record for all parties via the Court's CM/ECF system.

December 23, 2019

/s/ Mariel Goetz
Mariel Goetz
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2763
mgoetz@ftc.gov